UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEEBA SCOTT HARRIS,

       Petitioner,

 -against-

CRAIG LOWE WARDEN; RAYMOND TONKIN PIKE COUNTY DISTRICT ATTORNEY,

       Respondent.

22-CV-7710 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

 Petitioner, who is currently detained at Pike County Correctional Facility in Lords Valley, Pennsylvania, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.[1] She challenges her criminal proceedings pending in the Court of Common Pleas of Pike County, among other reasons, on the grounds that her right to a speedy trial has been violated and that the prosecutor lacks jurisdiction over her offense because the acts took place on tribal lands. For the following reasons, this petition is transferred to the United States District Court for the Middle District of Pennsylvania.

 In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (holding that a writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of her confinement. *Rumsfeld v.*

---

[1] Petitioner is not at present subject to a judgment of the state court, and a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 is thus not available to her. *See Soto v. Warden*, No. 21-CV-4068 (PKC), 2021 WL 4192861, at *2 (E.D.N.Y. Aug. 10, 2021) ("[S]ection 2241 applies to all individuals held in state custody while [Section] 2254 applies only to those whose custody results from a final judgment.") (citations omitted).

*Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently detained in Pike County, which is located in the Middle District of Pennsylvania. 28 U.S.C. § 118(b). The Court therefore transfers this petition, in the interest of justice, to the United States District Court for the Middle District of Pennsylvania. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Pennsylvania. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court.[2] This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 12, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] Petitioner did not pay the $5.00 filing fee or submit an application for leave to proceed *in forma pauperis*.